# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HENRIETA PISZTORA,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : **Case No.:** 2:21-cv-1259 |
| | : |
| **TURTLE CREEK VALLEY MENTAL HEALTH/ MENTAL RETARDATION, INC.** | : |
| | : **COMPLAINT IN CIVIL ACTION** |
| | : |
| **Defendant.** | : |

Filed on Behalf of Plaintiff:
Henrieta Pisztora

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES**
Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC.
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:  (412) 545-3015
Fax No.:    (412) 540-3399
E-mail:     jward@jpward.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HENRIETA PISZTORA,** | : |
| **Plaintiff,** | : |
| v. | : **Case No.:** 2:21-cv-1259 |
| **TURTLE CREEK VALLEY MENTAL HEALTH/ MENTAL RETARDATION, INC.** | : |
| **Defendant.** | : |

### COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Henrieta Pisztora, by and through the undersigned counsel, J.P. Ward & Associates, LLC. and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Turtle Creek Valley Mental Health/ Mental Retardation, Inc., of which the following is a statement:

### PARTIES

1. Plaintiff, Henrieta Pisztora (hereinafter "Ms. Pisztora"), is an adult individual who currently resides at 4144 Winterburn Avenue, Pittsburgh, Pennsylvania 15207.

2. Defendant, Turtle Creek Valley Mental Health/ Mental Retardation, Inc. (hereinafter "Turtle Creek"), is a healthcare corporation located at 723 Braddock Avenue, Braddock, Pennsylvania 15104.

### JURISDICTION AND VENUE

3. Jurisdiction is proper as Ms. Pisztora brings this lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e-2(a)(1) (hereinafter, "Title VII"), the Age Discrimination

in Employment Act of 1967, 29 U.S.C. §621, *et seq.* (hereinafter, the "ADEA") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 (hereinafter, the "PHRA").

4. This Court has supplemental jurisdiction over Ms. Pisztora's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Ms. Pisztora is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

6. Ms. Pisztora filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations and received a Dismissal and Notice of Rights on June 29, 2021. This complaint is now timely filed within 90 days of said notice. A true and correct copy of the Dismissal and Notice of rights is attached hereto, made a part hereof, and marked as Exhibit "A".

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

7. Ms. Pisztora initiated her employment with Turtle Creek on or about February 2019.

8. Ms. Pisztora was born in Slovakia, and lived in Switzerland before moving to the United States as an adult, approximately twenty-three years ago.

9. At all times relevant hereto, Ms. Pisztora was over the age of 60 and highly qualified for the position of Psych Advisor which she held with Turtle Creek.

10. Throughout the entirety of her employment with Turtle Creek, Ms. Pisztora was underpaid for the education and experience she held. Ms. Pisztora had a Master's Degree in her field along with fourteen years of industry relevant experience.

11. Ms. Pisztora was paid $13 per hour upon her initiation of employment with Turtle Creek. Younger employees, and employees with a United States national origin, with less education and experience, were paid $14 upon initiation of employment for the same position.

12. Furthermore, Ms. Pisztora's supervisor, Kristen Wagner (hereinafter, "Ms. Wagner") disparately treated Ms. Pisztora.

13. Ms. Wagner regularly required Ms. Pisztora to complete less desirable duties, such as sending Ms. Pisztora to the kitchen to cook for the residents, rather than completing her normal job duties.

14. Additionally, Ms. Wagner scrutinized Ms. Pisztora's performance at a level she did not scrutinize similarly situated younger employees and employees whose national origin was within the United States. Ms. Wagner regularly disciplined Ms. Pisztora up for things she did not write Ms. Pisztora's similarly situated coworkers for.

15. On or about October 14, 2020, Ms. Pisztora requested two weeks of vacation time from the dates of November 11, 2020 – November 23, 2020. This time off was approved by Ms. Wagner.

16. Ms. Pisztora used the time off to visit family in Kenya. While in Kenya, Ms. Pisztora contracted malaria.

17. As soon as Ms. Pisztora became aware of her diagnosis, and that she would not be able to return on the date she planned to return, she promptly notified her relevant superiors, including Ms. Wagner.

18. Following this notification, Ms. Pisztora was suspended without pay, pending investigation.

19. Once the investigation concluded, Ms. Pisztora was terminated from her position on or about December 8, 2020.

**COUNT I**
**NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND**
**THE PENNSYLVANIA HUMAN RLEATIONS ACT**

20. Ms. Pisztora incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

21. Under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), it is illegal for an employer to "fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. §2000e-2(a)(1).

22. When analyzing a claim of discrimination under Title VII, a plaintiff must show: "(1) he is a member of a protected class; (2) he was qualified for the position he sought to attain or retain; (3) he suffered an adverse employment action; and (4) either similarly-situated non-members of the protected class were treated more favorably or the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Langley v. Merck & Co.*, 186 Fed Appx. 258 (3d Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 36 L. E.D. 29 668 (1973). See also *Makky v. Chertoff*, 542 F.3d 205, 214 (3d Cir. 2008).

23. The same legal standards apply to Title VII and PHRA claims. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016) (citing *Goosby v. Johnson & Johnson Med.*, Inc., 228 F.3d 313, 317 (3d Cir. 2000)). Further, the same standards apply to claims under Title VII and the PHRA on a summary judgment motion. *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d

Cir. 1999). Accordingly, the Court's analysis of the Title VII claims also applies to the PHRA claims. *Phillips v. Septa*, CIVIL ACTION NO. 16-0986, 6-7 (E.D. Pa. Feb. 12, 2018).

24. Pennsylvania courts have determined that an adverse employment action is "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Jones v. SEPTA*, 796 F.3d 323, 326 (3d Cir. 2015) (quoting *Storey v. Burns Int'l Sec. Serv.*, 390 F.3d 760, 764 (3d Cir. 2004)).

25. Under Title VII, for other employees to be considered "similarly situated," they must have "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Morales v. Pnc Bank, N.A.*, 2012 U.S. Dist. LEXIS 143605 *23 (E.D. Pa. 2012).

26. Pennsylvania courts have held that comparison factors for "similarly situated employees" have included "dealing with the same supervisor, having been subject to the same standards, and engaging in the same conduct without differentiating and mitigating circumstances." *Id.*

27. A plaintiff may also satisfy the fourth element by "showing other circumstances that give rise to an inference of unlawful discrimination." *Senador v. Zober Indus.*, 2009 U.S. Dist. LEXIS 36059 *9 (E.D. Pa. 2009).

28. The Third Circuit Court of Appeals has stated that "[a]n adverse employment action necessarily encompasses all tangible employment actions such as 'hiring, firing, failing to promote, reassignment or a decision causing a significant change in benefits.'" *Sherrod v. Philadelphia Gas Works*, 57 F. App'x 68 (3d Cir. 2003) citing *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

29. "In addition, paying an individual a lower salary for discriminatory reasons can be an adverse employment action." *Id*. citing *Stanziale v. Jargowsky,* 200 F.3d at 105.

30. Ms. Pisztora is originally from Slovakia, making that her national origin.

31. Ms. Pisztora was consistently regarded in a fashion that was different from her counterparts with a United States national origin.

32. Ms. Pisztora was highly qualified for her position given her education and expereince.

33. Ms. Pisztora faced discriminatory treatment in the form of disparate pay, less desirable duties, increased scrutiny, and ultimately termination.

34. Ms. Pisztora earned $13 per hour in her position with Turtle Creek, while her counterparts, with a United States national origin, earned $14 as a starting pay rate for the same position, despite her education and experience.

35. Ms. Wagner regularly required Ms. Pisztora to perform less desirable job duties, while she did not require Ms. Pisztora's counterparts, with a United States national origin, to do so.

36. Furthermore, Ms. Wagner constantly scrutinized Ms. Pisztora's performance while she did not discipline similarly situated employees, with a United States national origin, for the same actions.

37. Ms. Pisztora was ultimately terminated, under pretextual reasoning, after she contracted malaria while visiting family.

38. As a direct and proximate cause of the aforementioned conduct, Ms. Pisztora suffered actual damages, including, but not limited to, wage loss, loss of income, and emotional distress damages, all in the past, present and future.

39. As set forth hereinabove, Turtle Creek's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

WHEREFORE, Plaintiff, Ms. Pisztora, hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees and costs.

## COUNT II
## DISCRIMINATION IN VIOLATION
## OF THE ADEA AND THE PHRA

40. Ms. Pisztora incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

41. Under the ADEA it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.S. §623(a)(1).

42. According to the Third Circuit, "the implicated provisions of the ADEA and PHRA [apply identically] and [are governed] by the same set of decisional law." *Fasold v. Justice*, 409 F.3d 178 (3d Cir. 2005)

43. The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . [or] any agent of such a person." 29 U.S.C.S. §630(b).

44. Under the ADEA, "statutory protection from discrimination extends to individuals who have reached the age of forty." *United States EEOC v. Court of Common Pleas*, 62 F. Supp. 3d 428, 436 (W.D. Pa. 2014 (citing 29 U.S.C.S. §631(a)).

45. To establish a prima facie case of age discrimination, a plaintiff must show that: "(1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hospital of Pittsburgh*, 808 F.3d 638 at 644 (3rd Cir. 2015).

46. In cases where a plaintiff is not "directly replaced," this element is met if it can be shown that the employer continued to have a need for an employee to work in the same capacity as the plaintiff. *Id.* (see *Kroptavich v. Pennsylvania Power and Light Co.*, 795 A.2d 1048, 1058 (Pa. Super. 2002)).

47. At all times relevant hereto, Ms. Pisztora was over 60 years old and was highly qualified for the position in question given her education and experience.

48. Ms. Pisztora suffered adverse employment actions in the form of disparate pay and termination from her position under pretextual reasoning.

49. Ms. Pisztora was paid $13 per hour upon initiation of employment with Turtle Creek, while Ms. Pisztora's younger counterparts were paid $14 per hour in the same position, even though they had less experience and education.

50. Upon information and belief, Ms. Pisztora was replaced by a younger employee following her termination.

51. As set forth hereinabove, the Turtle Creek's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

WHEREFORE, Plaintiff, Henrieta Pisztora hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, liquidated damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees and costs.

**JURY TRIAL DEMANDED UPON ALL MATTERS DEEMED TRIABLE.**

Respectfully Submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: September 20, 2021         By:_____
                                  Joshua P. Ward (Pa. I.D. No. 320347)
                                  Kyle H. Steenland (Pa. I.D. No. 327786)

                                  J.P. Ward & Associates, LLC
                                  The Rubicon Building
                                  201 South Highland Avenue
                                  Suite 201
                                  Pittsburgh, PA 15206
                                  Counsel for Plaintiff